UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

------------------------------------------------------------------X

WILLIAM C. TURNER,

              Plaintiff,

          -against-

RIVERHEAD CORRECTIONAL FACILITY,
YAPHANK CORRECTIONAL FACILITY,
FIVE POINTS CORRECTIONAL FACILITY,
NEW YORK STATE DEPARTMENT OF CORRECTIONS,
AND STATE OF NEW YORK,

              Defendants.

------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-5235 (JMA)(AKT)

**FILED**
**CLERK**

6/20/2019 11:00 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

Terence C. Powell
     *Pro se Plaintiff*

Arlene S. Zwilling
Assistant County Attorney
P.O. Box 6100
H. Lee Dennison Building-Fifth Floor
100 Veterans Memorial Highway
Hauppauge, New York 11788-0099
     *Attorney for Defendants*
     *Riverhead Correctional Facility*
     *Yaphank Correctional Facility*

Lori L. Pack
Assistant Attorney General
New York State Attorney General's Office
300 Motor Parkway, suite 205
Hauppauge, New York 11788
     *Attorney for Defendants*
     *Five Points Correctional Facility*
     *New York State Department of Corrections*
     *State of New York*

**AZRACK, District Judge:**

On September 17, 2018, incarcerated pro se plaintiff William C. Turner ("plaintiff")

commenced this action against the Riverhead Correctional Facility, the Yaphank Correctional

Facility (together, "the County defendants"), Five Points Correctional Facility, the New York State

Department of Corrections (the "NYDOC"), and New York State (the "State" and together, "the

State defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his

constitutional rights. Currently pending before the Court are the defendants' motions to dismiss

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] The State defendants contend

that Eleventh Amendment immunity bars plaintiff's claims against them, and the County

defendants assert that plaintiff's failure to exhaust his administrative remedies pursuant to the

Prison Litigation Reform Act ("PLRA"), 42 USC 1997(e), prior to filing this lawsuit requires

dismissal. For the following reasons, the State defendants' motion is GRANTED and the County

defendants' motion is DENIED without prejudice and with leave to renew as a Rule 56 summary

judgment motion upon the conclusion of the limited discovery now ordered.

## I. BACKGROUND

The following facts are taken from plaintiff's complaint and the record before the Court.

In deciding a motion to dismiss, the Court may take judicial notice of public records, including

state court filings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide,

Inc., 369 F.3d 212, 217 (2d Cir. 2004). The Court also considers exhibits which are attached or

integral to the complaint. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004). Because plaintiff is

proceeding pro se, the Court considers plaintiff's factual allegations in his opposition to

---

[1] In the interim, on June 10, 2019, plaintiff filed a letter motion seeking leave to amend his complaint, specifically to add the names of individual State and County defendants. (ECF No. 28.) On June 11 and June 13, 2019 respectively, the County and State defendants filed letters opposing plaintiff's motion. (ECF Nos. 29, 30.) As discussed infra, the Court defers addressing the propriety of plaintiff's motion to amend his complaint.

defendants' motions, in addition to the allegations in the complaint.  See, e.g., Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion.").

Plaintiff is currently serving a sentence at Five Points Correctional Facility arising from his December 7, 2017 conviction.  (Compl. at 4, ECF No. 1.)[2]  Plaintiff alleges that as a form of retaliation for his pending appeal, he was placed in solitary confinement on April 17, 2018 for seven days while incarcerated at the Riverhead Correctional facility.  (Id.)  He claims that he was not allowed to shower, change clothes, or receive medical treatment, and that he was placed in shackles and handcuffs and only released twice a day for fifteen minutes.  (Id.)

Plaintiff alleges that while in solitary confinement at the Riverhead Correctional Facility, on August 20, 2018, he was served with the Suffolk County District Attorney's Opposition to his appeal and was not permitted out of his shackles or hand cuffs to respond to it.  (Id. at 5.)  He further alleges that unnamed Suffolk County Sheriff deputies subjected him to "several different methods of torture, punishments, pains, and or penalties, on account of Plaintiff[']s Ecclesiastical/Ethical standards and being a natural person of color, and or race."  (Id.)  Plaintiff alleges that unnamed Suffolk County sergeants attempted to take his fingerprints more than five times without success by "[a]ny means necessary includ[ing] cuffing Plaintiff's hands and feet to a chair beating on Plaintiff, pulling on both ears, physically forcing Plaintiff to sign papers by bending and holding the fingers of Plaintiff and poking Plaintiff in the eyes while threatening to cut off his finger to get the needed prints."  (Id. at 5.)

Plaintiff alleges that he was transferred to the Yaphank Correctional Facility on April 23, 2018, and to Five Points Correctional Facility on April 24, 2018, where he remains in solitary

---

[2] Because plaintiff's filings are not consecutively paginated, the Court refers to the electronic document filing system ("ECF") pagination for clarity.

confinement since April 17, 2018 "without being allowed medical treatment or medication." (Id. at 5-7; Pl.'s Opp. Mem. to County defendants' Mot. to Dismiss ("Pl.'s Opp. Mem.") at 4, ECF No. 22.) He claims that he is "being held in this position at the command of Suffolk County." (Id. at 6.) He claims that he has been listed as being "gang affiliated" due to his "ecclesiastical beliefs," in violation of the First Amendment. (Id.) Plaintiff also alleges that his Eighth Amendment right to be free "from inhumane treatment or anything that could be considered 'cruel and unusual' punishment" has been violated. (Id.)

Plaintiff contends that he "was kept in segregation without being given the right to a grievance procedure or legal due process." (Pl.'s Opp. Mem. at 3.) He claims that he was "denied the right to file a grievance due to what Plaintiff was told regarding County Facility vs State Facility regulations." (Pl.'s Opp. Mem. at 5.)

Plaintiff alleges he has been injured in the following manner: "Plaintiff received a[] large open wound that required several operations and physical therapy from the onset of this arrest. [He] wasn't given medical treatment or medication. Plaintiff suffered a torn rotator cuff, blunt trauma to the face, ribs, legs and arms. Plaintiff was treated at Peconic Bay Medical Center and Zwanger and Pesiri Radiology. Plaintiff has now suffered permanent limitations." (Id. at 6-7.) As a result of the foregoing, plaintiff seeks to recover damages of $20 million. (Id. at 7.)

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see Fed. R. Civ. P. 12(b)(1). In reviewing a motion to dismiss under this Rule, the

Court accepts all factual allegations in the complaint as true. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). However, the Court should not draw inferences favorable to the party asserting jurisdiction. Id. In resolving a jurisdictional issue, the Court may consider affidavits and other materials beyond the pleadings, but may not rely on mere conclusions or hearsay statements contained therein. J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint when plaintiff fails to allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Fed. R. Civ. P. 12(b)(6). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

While a court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

**B. Claims Against the State Defendants**

As a threshold issue, the State defendants argue that the Court lacks subject matter jurisdiction over plaintiff's claims against them as they are barred by the Eleventh Amendment.

(Def. State's Mot. To Dismiss, ECF No. 24-5 at 4-5.)  The Court agrees and therefore dismisses the claims against the State defendants.[3]

The Eleventh Amendment bars federal suits against state governments by a state's own citizens.  Woods v. Rondout Valley Central School Dist. Bd of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Hans v. Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state."  Id. (quoting Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997).  Thus, under the 'arm of the state' doctrine, state agencies are accorded the "same Eleventh Amendment immunity from suit in federal court as is enjoyed by the State itself."  Posr v. Court Officer Shield # 207, 180 F.3d 409, 414 (2d Cir. 1999).  "As a state agency, [the New York State Department of Correctional Services] DOCS is entitled to the same Eleventh Amendment immunity as New York State."  Bruce v. Goord, No. 98-CV-6088, 1999 WL 1050090 at *2 (E.D.N.Y. Nov. 12, 1999) (dismissing claim against DOCS under Eleventh Amendment immunity doctrine).  Similarly, Five Points Correctional Facility, as part of DOCS, a state agency, is also considered an arm of the state and therefore the claims against it should be dismissed on Eleventh Amendment grounds.  See Bryant v. N.Y. State Dep't of Corr. Servs. Albany, 146 F.Supp.2d 422, 426 (S.D.N.Y. 2001) (citing Jones v. Bishop, 981 F. Supp. 290, 295 (S.D.N.Y. 1997) (dismissing claim against state correctional facility under Eleventh Amendment).  Accordingly, this Court lacks subject matter

---

[3] The State has also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Def. State Mot. To Dismiss at 3-4.)  However, because the Court finds that it lacks subject matter jurisdiction over plaintiff's claims as against the State defendants, it need not consider whether the complaint states a claim for which relief may be granted.  See Brown v. Wells Fargo Bank, N.A., No. 13-CV-3258, 2014 WL 1875083, at *1, n.1 (E.D.N.Y. May 8, 2014).

jurisdiction over plaintiff's claims against the State defendants and therefore dismisses those claims with prejudice.[4]

## C. **Claims Against the County Defendants**

Plaintiff names the Riverhead Correction Facility and the Yaphank Correctional Facility as defendants. However, the Court notes that "[i]t is well-established that departments that are merely administrative arms of a municipality do not have an independent legal identity apart from the municipality and, therefore, cannot sue or be sued." Davis v. Riverhead Correction Facility, No. 11-CV-5667, 2011 WL 6131791, at * 2 (E.D.N.Y. Dec. 6, 2011). Since the Riverhead and Yaphank Correction Facilities are administrative arms of Suffolk County, without a legal identity separate and apart from the County, they lack the capacity to be sued. As such, since the plaintiff is proceeding pro se, the Court will construe plaintiff's complaint as lodged against the County of Suffolk.

### 1. **PLRA Exhaustion Requirement**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLR's exhaustion requirement is mandatory, and "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016). However, in order to exhaust a

---

[4] As noted above, the Court will address the plaintiff's recent motion seeking leave to amend the complaint to add the New York State Department of Corrections and Community Supervision Acting Commissioner, Anthony J. Annucci, in his individual capacity, in a separate order.

remedy, it must be "available," meaning it is " 'capable of use' to obtain 'some relief for the action complained of.' " Id. at 1859 (quoting Booth v. Churner, 532 U.S. 731, 738 (2001) ).

The Supreme Court has identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Id. at 1859.

> First, an administrative remedy may be unavailable when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.' Second, 'an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.' In other words, 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it.' Third, an administrative remedy may be unavailable 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'

Williams v. Correction Officer Priatno, 829 F.3d 118, 123-24 (2d Cir. 2016) (quoting Ross, 136 S. Ct. at 1859-60).

A plaintiff need not plead that one of these three circumstances exists or that he did in fact exhaust his administrative remedies because the "[f]ailure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement." Id. at 122 (citing Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)) (holding failure to exhaust is not a jurisdictional requisite but rather an affirmative defense under the PLRA; "inmates are not required to specially plead or demonstrate exhaustion in their complaints"). Thus, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements. Jones, 549 U.S. at 216. A motion to dismiss under Rule 12(b)(6) for failure to exhaust is "appropriate only where non[-]exhaustion is apparent from the face of the complaint." Jandres v. Armor Health Care Inc., No. 12-CV-3132, 2014 WL 1330655, at *3 (E.D.N.Y. Mar. 31, 2014) (internal quotation marks and citations omitted).

In contrast, where "non-exhaustion is not clear from the face of the complaint, a defendant's motion can be converted to a motion for summary judgment limited to the narrow issue of exhaustion and the relatively straightforward question [of] . . . whether remedies were available." Jones v. Sposato, No. 16-CV-5121, 2017 WL 4023135, at *5 (E.D.N.Y. Aug. 22, 2017), report and recommendation adopted 2017 WL 4023345 (E.D.N.Y. Sept. 11, 2017) (quoting Shaw v. Ortiz, No. 15-CV-8964, 2016 WL 7410722, at *5 (S.D.N.Y. Dec. 21, 2016) (internal quotation marks and citations omitted); see Garvin v. Rivera, No. 13-CV-7054, 2015 WL 876464, at *5 (S.D.N.Y. Feb. 28, 2015) ("Where the merits of an administrative exhaustion defense cannot be determined from the face of a complaint, courts in this Circuit have frequently converted defendants' motions to dismiss to motions for summary judgment on the limited issue of administrative exhaustion.") (citing cases). However, prior to such conversion, the pro se plaintiff must be provided "unequivocal notice of his obligation to submit evidentiary materials and an opportunity to do so." Allah v. Switz, No. 14-CV-5970, 2017 WL 519269, at *4 (S.D.N.Y. Feb. 8, 2017) (internal quotation omitted); Shaw, 2016 WL 7410722 at *5 ("in the context of an action brought by a pro se inmate, the potential consequences of a motion for summary judgment as well as the procedural requirements for responding to one must first be explained, and the Court must also allow Plaintiff the opportunity to take discovery."). Consequently, "in the PLRA exhaustion context, courts typically have insisted upon limited discovery before converting a motion to dismiss for failure to exhaust administrative remedies into a motion for summary judgment." Shaw, 2016 WL 7410722, at *5 (collecting cases); see, e.g., Taylor v. OBCC-Grievance Coordinator Kelly, No. 14 CV 4708, 2016 WL 4702436, at *6 (E.D.N.Y. Sept. 7, 2016) (holding that "[i]n similar situations, courts have found it prudent to order limited discovery on whether the prisoner's failure to exhaust may be excused").

Here, it is undisputed that plaintiff failed to exhaust his administrative remedies prior to filing the instant case. However, plaintiff claims that he should be excused from the PLRA's exhaustion requirement as he was denied the right to file a grievance and therefore the exhaustion process was unavailable to him. (Pl.'s Opp. Mem. at 3-5, 7, 13.) Specifically, plaintiff contends that he was "not granted the right to file a grievance" as he was in solitary confinement. (Id. at 5.) According to plaintiff, "[he] did request to file a grievance and was informed by correction officers that plaintiff had no entitlements while in 'keep-lock.' " (Id. at 4.) Thus, plaintiff argues that his "failure to exhaust should be excused" as the grievance procedure was not "available" to him. (Id. at 5.)[5]

Plaintiff does not, however, provide any details about his request to file a grievance. He fails to specify which facility he was in when he requested to file a grievance, when he requested to file a grievance, and why he was unable to utilize the prison grievance procedures. Thus, the Court cannot determine from the face of plaintiff's complaint whether the prisoner grievance procedures at the County facilities were in fact available to plaintiff. See Jones, 2017 WL 4023135, at *3 (the absence of factual allegations as to why plaintiff failed to utilize the County's grievance procedures does not allow the court to infer exception to mandatory exhaustion); Garvin, 2015 WL 876464, at *5 (denying motion to dismiss without prejudice and finding that while it is not apparent from the face of the pleadings that plaintiff has exhausted administrative remedies, plaintiff "should be given an opportunity to set forth facts that could excuse his failure to exhaust").

Accordingly, because it is not clear on the face of the Complaint that plaintiff's failure to exhaust administrative remedies cannot be excused as unavailable, the Court denies the County's

---

[5] Markedly, the County defendants submitted a reply declaration in response to plaintiff's opposition by which a member of the Suffolk County Sheriff's Office states that there is no solitary confinement in the Riverhead or Yaphank Correctional Facilities. (Def. County's Reply Declaration of Matthew Bogert ("Bogert Decl.") ¶ 3, ECF No. 27.)

motion to dismiss without prejudice to renewal as a Rule 56 motion for summary judgment following limited discovery on the issue of administrative exhaustion.[6]

The parties are hereby ordered to complete limited, expedited discovery as follows: within sixty (60) days of this court's decision (1) the County defendants shall provide to plaintiff any and all documents related to the availability and utilization of the grievance procedure at the Riverhead and Yaphank facilities; and (2) plaintiff shall provide a written statement to the County defendants explaining the basis for why he believes the grievance procedure was unavailable to him. Additionally, in regard to plaintiff's recent motion to amend the complaint to add individually named County defendants, the Court will defer any ruling as to the alleged personal involvement of these individuals until after the completion of discovery on the exhaustion issue.

### CONCLUSION

Based on the foregoing, the Court GRANTS the State defendants' motion to dismiss with prejudice and DENIES the County defendants' motion to dismiss the complaint without prejudice to renewal as a Rule 56 motion for summary judgment following limited discovery on the issue of administrative exhaustion.

The Clerk of the Court is directed to send a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

Dated:  June 20, 2019
Central Islip, New York

                        **/s/ (JMA)**
                        Joan M. Azrack
                        United States District Judge

---

[6] Notably, only the State defendants put plaintiff on notice that the Court may treat its motion to dismiss as a motion for summary judgment.  (Def. State's Rule 56 Notice, ECF No. 24-1.)