UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
WILLIAM C. TURNER,

                Plaintiff,

                -against-

RIVERHEAD CORRECTIONAL FACILITY,
YAPHANK CORRECTIONAL FACILITY,
FIVE POINTS CORRECTIONAL FACILITY,
NEW YORK STATE DEPARTMENT OF
CORRECTIONS, AND NEW YORK STATE,

                Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-5235 (JMA) (AKT)

**AZRACK, United States District Judge:**

## BACKGROUND

Incarcerated pro se plaintiff William C. Turner ("Plaintiff") commenced this action against the Riverhead Correctional Facility, the Yaphank Correctional Facility (together, "the County Defendants"), Five Points Correctional Facility, the New York State Department of Corrections, and New York State (together, "the State Defendants") (collectively, the "Defendants") pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights. (ECF No. 1.) The Defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 21, 24.) On June 20, 2019, the Court granted the State Defendants' motion to dismiss with prejudice and denied the County Defendants' motion to dismiss. (ECF No. 31.)

While the motions to dismiss were pending, Plaintiff filed a letter motion on June 10, 2019 in which he sought leave to amend his complaint to add the Suffolk County Sheriff, the Warden of the Suffolk County Correctional Facility, and the Acting Commissioner of the New York State

Department of Corrections and Community Supervision as defendants in their personal capacities. (ECF No. 28.)

Before the Court addressed the pending motion to amend the complaint, Plaintiff filed a second motion to amend the complaint on May 4, 2020. (ECF No. 39.) When Plaintiff filed his second motion to amend the complaint, his first motion became moot. Accordingly, the Court DENIES his first motion to amend the complaint.

In his second motion to amend the complaint, Plaintiff again sought to add the Suffolk County Sheriff, the Warden of the Suffolk County Correctional Facility, and the Acting Commissioner of the New York State Department of Corrections and Community Supervision as defendants in their personal capacities, as well as Suffolk County, the Town of Southampton, the Southampton Town Police Department, and the Chief of the Southampton Town Police and a police officer in their individual capacities. (Id.) Plaintiff attached various documents to his letter requesting leave to amend, but did not attach his proposed amended complaint for the Court to consider. However, counsel for the Town of Southampton noted in a letter to the Court that Plaintiff "mailed copies of the proposed amended complaint to the Town defendants." (ECF No. 40.) Because the Court is unable to consider Plaintiff's most recent motion to amend without submission of the proposed amended complaint, Plaintiff is directed to file a copy of his proposed amended complaint by July 1, 2020.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff

**SO ORDERED.**

Dated: May 31, 2020
      Central Islip, New York

                                              /s/ (JMA)
                                   JOAN M. AZRACK
                                   UNITED STATES DISTRICT JUDGE