UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIAM C. TURNER,

Plaintiff,

-against-

SUFFOLK COUNTY; SHERIFF TOULON, JR.,
in his individual capacity; WARDEN MICHAEL
FRANCHI, in his individual capacity;
SOUTHAMPTON TOWN; THE SOUTHAMPTON
TOWN POLICE DEPARTMENT,
CHIEF SKRYNECKI, in his individual capacity;
and POLICE OFFICER COBB,
in his individual capacity,

Defendants.
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-cv-5235 (JMA) (AKT)

**FILED**
**CLERK**

3/5/2021 10:44 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

By letter motion dated May 4, 2020, incarcerated *pro se* plaintiff William C. Turner

("Plaintiff") sought leave to file an amended complaint.  (Docket Entry "D.E." 39.)  By Order

dated May 31, 2020, the Court noted that although Plaintiff had "attached various documents to

his letter requesting leave to amend, [] [he] did not attach his proposed amended complaint for the

Court to consider."  (*See* D.E. 41 at 2.)  Accordingly, the Court ordered Plaintiff to file a copy of

his proposed amended complaint, which he had apparently sent to the Town of Southampton,[1] by

July 1, 2020.  (*Id.*)

On June 22, 2020, Plaintiff filed a twenty-seven page document entitled "Amended

Complaint" naming as defendants: County of Suffolk ("the County"), Town of Southampton ("the

Town"), Southampton Town Police Department ("the Town Police Department"), Southampton

---

[1] By letter dated May 29, 2020, counsel for the Town of Southampton noted in a letter to the Court that Plaintiff
"mailed copies of the proposed amended complaint to the Town defendants."  (*See* D.E. 40.)

Town Police Chief Steven Skrynecki, in his individual capacity ("Chief Skrynecki"), Southampton Town Police Officer Bryan Cobb, in his individual capacity ("Officer Cobb"), Suffolk County Correctional Facility ("the Jail"), Suffolk County Correctional Sheriff Errol D. Toulon, Jr., in his individual capacity ("Sheriff Toulon"), and Suffolk County Jail Warden Michael Franchi, in his individual capacity ("Warden Franchi" and collectively, "defendants"). (*See* D.E. 42.) However, at pages four, nine, and ten[2] of this submission, Plaintiff included additional captions and also names the "Riverhead Correctional Facility" and the "Yaphank Correctional Facility" as defendants.[3] (*See* D.E. 42 at 4, 9-10.) Additionally, on page 8, Plaintiff left the signature page blank. However, at page 23, there is another signature page with Plaintiff's notarized signature dated March 1, 2020, well *before* the May 31, 2020 Order. (D.E. 42 at 23.) Plaintiff also annexed a copy of this Court's May 31, 2020 Order (D.E. 41) to his submission. (D.E. 42 at 24-26.) By letter dated June 25, 2020, the Suffolk County Attorney "fully reserve[ed] any and all legal and factual defenses" and apprised the Court it "does not object to plaintiff's request to amend his Complaint." (D.E. 43, citing D.E. 42.)

Before the Court ruled on the pending motion to amend, on July 29, 2020, Plaintiff filed yet another motion to amend his complaint. (*See* D.E. 44.) This application included a sixteen-page proposed amended complaint with a caption naming the "Riverhead Correctional Facility"

---

[2] Because plaintiff's submission is not consecutively paginated, the Court refers to the electronic document filing system ("ECF") pagination for clarity.

[3] Plaintiff had originally named the Riverhead Correctional Facility and the Yaphank Correctional Facility, among others, as defendants. *See* D.E. 1. However, the Court dismissed these entities as parties in deciding the then-defendants' motions to dismiss the complaint. As the Court made clear, "the Riverhead and Yaphank Correction Facilities are administrative arms of Suffolk County, without a legal identity separate and apart from the County, they lack the capacity to be sued." D.E. 31 at 7. However, given Plaintiff's *pro se* status, the Court construed his "complaint as lodged against the County of Suffolk." *Id.*

and the "Yaphank Correctional Facility, *et al.*", as defendants.   (*See* D.E. 44 at 44-1, at 1.)   At

paragraph two, Plaintiff lists the defendants and they are the same as the defendants included in

the June 22, 2020 submission, (D.E. 42), namely: Suffolk County, Southampton Town, the Town

Police Department, Chief Skrynecki, in his individual capacity; Police Officer Cobb, in his

individual capacity; Sheriff Toulon, Jr., in his individual capacity; Warden Michael Franchi, in his

individual capacity; and the Suffolk County Correctional Facility.   (D.E. 44-1, ¶ 2.)

On August 10, 2020, the Town Attorney re-submitted its May 29, 2020 letter in opposition

to Plaintiff's application to amend his complaint, (*see* D.E. 46), and the County has not responded

to Plaintiff's July 29, 2020 motion to amend.   By letters dated November 18, 2020 and December

9, 2020, Plaintiff seeks to further supplement his amended complaint with additional documents.

(*See* D.E. 51-52.)

As this procedural history makes clear, although the Court has afforded Plaintiff an

opportunity to file a proposed amended complaint, he has abused that process.   Rather than

comply with the Court's May 31, 2020 directive to file a proposed amended complaint, (D.E. 41

at 2), to complete his then-pending motion to amend, (D.E. 39), Plaintiff instead has filed three

additional and separate submissions seeking to further amend and/or supplement his complaint.

Enough is enough.   When Plaintiff filed his July 29, 2020 motion to amend, his motion filed on

May 4, 2020 (D.E. 39) became moot.   Accordingly, the Court DENIES the May 4, 2020 motion

to amend.   (D.E. 39.)   Moreover, because Plaintiff's July 29, 2020 proposed amended complaint

is different from his June 22, 2020 unsigned submission, (D.E. 42), the Court construes the July

29, 2020 amended complaint (D.E. 44-1), together with the supplements filed on November 18,

2020, (D.E. 51), and December 9, 2020 (D.E. 52), as the operative complaint.   Plaintiff's

3

application to amend the complaint, (D.E. 44), is GRANTED except for Plaintiff's attempt to again name two correctional facilities as defendants.[4]   The Court's grant of this motion to amend is without prejudice to any defendant moving to dismiss this amended complaint.   The July 29, 2020 amended complaint supersedes all prior complaints filed by Plaintiff, which now have no legal effect.

The Clerk of the Court shall update the docket to reflect that the remaining defendants in this case are: Suffolk County, Sheriff Toulon, Jr., in his individual capacity; Warden Michael Franchi, in his individual capacity ("the County defendants"); Southampton Town, the Southampton Town Police Department, Chief Skrynecki, in his individual capacity; and Police Officer Cobb, in his individual capacity (the "Town defendants").

By April 5, 2021, all remaining defendants named in the operative amended complaint, shall answer or otherwise respond to the amended complaint.   Given that the Town defendants have, on May 29, 2020 and August 10, 2020, argued to this Court that Plaintiff's claims are barred by the statute of limitations, the Town may rely on those earlier submissions in moving to dismiss or may submit additional briefing on this issue.   The Town shall so notify the Court in writing within thirty (30) days how it intends to proceed.   In the interim, Plaintiff is ORDERED not to file any further papers in support of his amended complaint or seeking further amendment. Plaintiff is cautioned that any such submission will be returned to him without consideration or docketing.

Although Plaintiff paid the fee to commence this action, should he seek leave to appeal *in*

---

[4] The Court has already dismissed the Yaphank and Riverhead Correctional Facilities as defendants.   (See Mem. & Order dated June 20, 2019, (D.E. 31 at 7).   Accordingly, Plaintiff's claims against these defendants, and the "Suffolk County Correctional Facility" of which they are a part, must be dismissed because those defendants lack the capacity to be sued.

*forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**                                          _____/s/ (JMA)_____
                                                                         Joan M. Azrack
Dated:   March 5, 2021                                     United States District Judge
            Central Islip, New York