UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM C. TURNER,

**ANSWER TO
AMENDED COMPLAINT**

Plaintiff,

-against-

18-CV-5235((JMA)(AKT)

RIVERHEAD CORRECTIONAL FACILITY, YAPHANK,
CORRECTIONAL FACILITY, FIVE POINTS CORRECTIONAL
FACILITY, NEW YORK STATE DEPARTMENT OF
CORRECTIONS and NEW YORK STATE,

**JURY TRIAL DEMANDED**

Defendants.

Defendant, County of Suffolk, by its attorney, Dennis M. Cohen, Suffolk County

Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's amended

complaint ("the amended complaint") respectfully:

1.      Aver that the allegations contained in the paragraphs numbered 1, 2, 3, 4, 5

and 6 of the amended complaint characterize the legal action being brought and purport to

invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make

no answer save to demand strict proof thereof and to deny any conduct giving rise to any

cause of action thereunder.

2.      Deny knowledge or information sufficient to form a belief as to the

allegations contained in the paragraphs numbered 7, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21,

22, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 63, 64, 65, 66, 67, 68, 69

and paragraphs a), b), c), d), e), f), and g) of the amended complaint.

1

dib     3.     Deny, upon information and belief, the allegations contained in the paragraphs numbered 18, 25, 26, 27, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62 and Conclusion of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4.     That the complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.     That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.     That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.     That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendant or otherwise ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.     That no custom or usage adopted, followed, endorsed or ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.     That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

10.     That municipal defendants are not liable for punitive damage awards.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

11.     That plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

12.     That plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

13.     That defendant's actions, if any, were justified by the facts and circumstances presented.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

14.     That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

15.     That the defendant, at all times complained of, acted reasonably and in good faith in the discharge of its official duties and responsibilities.

16.     That defendant acted in what they did solely pursuant to its duties and responsibilities as law enforcement and/or prosecuting officials.

17.     That defendant at all times acted in good faith in that it reasonably believed that it was exercising and acting within its statutory and constitutional powers.

18.     That in performing such duties and responsibilities, defendant is and was

protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.     That this action is barred by the doctrines of qualified and/or absolute

governmental immunity for discretionary acts.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20.     That this inmate claim is barred by the provisions of 42 USC §1997.

WHEREFORE, defendant demands judgment against the plaintiff dismissing the

amended complaint, together with the costs, disbursements and reasonable attorneys' fees

of this action, and for such other and further relief as this Court deems just and proper.

DATED:  Hauppauge, New York
       March 12, 2021

                                  Yours etc.,
                                  Dennis M. Cohen
                                  Suffolk County Attorney
                                  Attorney for Defendant County of Suffolk
                                  H. Lee Dennison Building
                                  100 Veterans Memorial Highway
                                  Hauppauge, New York 11788

                       By:     */s /Arlene S. Zwilling*
                                  Arlene S. Zwilling
                                  Assistant County Attorney

TO:

William C. Turner, 18A1640
52 Wooded Way
Calverton, NY 11933