UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM C. TURNER,

                                  Plaintiff,

                         -against-

SUFFOLK COUNTY; SHERIFF TOULOR, JR., in his
individual capacity; WARDEN MICHAEL FRANCHI,
in his individual capacity; TOWN OF SOUTHAMPTON;
THE SOUTHAMPTON TOWN POLICE DEPARTMENT;
CHIEF SKRYNECKI, in his individual capacity;
AND POLICE OFFICER COBB, in his individual capacity,

                                 Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
18-CV-5235 (JMA) (AKT)

FILED
CLERK
4:19 pm, Aug 15, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff William C. Turner commenced this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and § 1985, as well as various causes of action under state law. (ECF No. 1.) Currently pending before the Court is a motion by Defendants Town of Southampton ("Town"), the Southampton Town Police Department ("STPD"), Chief of Police Steven Skrynecki ("Skrynecki"), and Police Officer Bryan Cobb ("P.O. Cobb") (together, "Town Defendants") to dismiss Plaintiff's Amended Complaint in its entirety as time-barred pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Town Defendants' motion is GRANTED.

## I. BACKGROUND

The Court discusses the underlying facts in this case only to the extent necessary to resolve the pending motion.[1]

### A. Facts

On or around August 29, 2016, Plaintiff was arrested and detained by a police officer, later identified as P.O. Cobb, on suspicion of engaging in illicit activity (the "August arrest"). ("Original Compl.," at 4, ECF No. 1.) Plaintiff alleges that P.O. Cobb wrongfully "attacked" him while he was lawfully on a family member's property. (Id.)[2]

Plaintiff admits, that, on or around November 23, 2016, he served the Town Defendants with a Notice of Claim pursuant concerning the August 2016 arrest. (Pl's Opp. at 13; ECF No. ECF No. 66-4 at 3.) Plaintiff also claims that on this same date, the Suffolk County District Attorney's Office filed a superseding indictment against him. (ECF No. 66-6 ¶ 44.) Shortly thereafter, on December 6, 2016, in response to his Notice of Claim, the Town Defendants issued a formal demand for a 50-h hearing to Plaintiff. (ECF Nos. 51, 52.)

On December 7, 2017, Plaintiff's bail was revoked, and he was remanded to Suffolk County Correctional Facility. (ECF No. 66-6 ¶ 47.)

On April 5, 2018, a jury convicted Plaintiff of one count of criminal sale of a controlled substance in third degree, two counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and resisting arrest. See People v. Turner, 203 A.D.3d 758, 160 N.Y.S.3d 626 (N.Y. App. Div. 2d Dep't 2022). Plaintiff

---

[1] In deciding a motion to dismiss, the Court may take judicial notice of public records, including state court filings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). The Court can also consider exhibits which are attached or integral to the complaint. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

[2] Because plaintiff's filings are not consecutively paginated, the Court refers to the electronic document filing ("ECF") pagination for clarity.

received a determinate prison sentence of four years. Id. Shortly after beginning to serve his sentence, Plaintiff was placed into administrative solitary confinement for more than seven days at Riverhead Correctional Facility. Plaintiff alleges that he was not allowed out of shackles and handcuffs, received no medical treatment, and was allowed only 15 minutes of time from his sleeping quarters. (ECF No. 66-7 at ¶ 45.) Plaintiff alleges that he was placed in solitary confinement in retaliation for filing a notice of appeal for his conviction.

In or around early October 2020, Plaintiff was given a merit release to parole.[3] (ECF No. 47.) On April 25, 2021, Plaintiff, with the assistance of counsel, filed his appellate brief challenging his conviction. ("State Appeal Brief," ECF No. 66-11 at 96-145.) In his appeal, Plaintiff argued, inter alia, that P.O. Cobb lacked probable cause to arrest him, and that the evidence recovered at the scene of his arrest should have been suppressed. (See generally, State Appeal Brief.) In March 2022, the Appellate Division affirmed Plaintiff's conviction.

## B. Procedural History

Based on his alleged treatment while incarcerated, Plaintiff, proceeding pro se, commenced the instant action against the Riverhead Correctional Facility, the Yaphank Correctional Facility (together, the "County Defendants"), Five Points Correctional Facility, the New York State Department of Corrections (the "NYDOC"), and New York State (the "State" and together, the "State Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. (See Original Complaint, ECF No. 1 ("Original Compl.").) The Original Complaint, filed September 17, 2018, alleged, inter alia, that the County Defendants and State

---

[3] See New York State DOCCS "Incarcerated Lookup" available at https://nysdoccslookup.doccs.ny.gov/. The Court may take judicial notice of Plaintiff's DOCCS inmate lookup information. See Johnson v. City of New York, No. 15-CV-8195, 2017 WL 2312924, at *2 n.3 (S.D.N.Y. May 26, 2017) (collecting cases). The corresponding convictions and biographical information listed in DOCC's public records match the information provided by Plaintiff in this instant case. (See, e.g., ECF No. 66-2 at 8 listing Plaintiff's NYSID of "18A1640.")

Defendants retaliated against Plaintiff for pursuing a direct appeal of his conviction by placing him solitary confinement and "tortur[ing]" him. (Original Compl. at 5-6.)

The "History" section of the Original Complaint briefly references Plaintiff's August 28, 2016 arrest and states that the "arresting officer lacked any reasonable suspicion to believe that [Plaintiff] was engaged or had engaged in any criminal conduct when unreasonable forced was used against Plaintiff." (Id. at 4.) The remainder of this 4-page complaint concerns the placement of Plaintiff into solitary confinement in April 2018 and Plaintiff's alleged mistreatment at the hands of Suffolk County Sherriff's Deputies. (Id. at 4–7) The Original Complaint alleges that Plaintiff was improperly held in solitary confinement because he has been listed as gang "affiliated due to his "ecclesiastical beliefs." (Id. at 6.) The Original Complaint also mentions that Plaintiff received a "large open wound that required several operations and therapy from the onset of this arrest." (Id. at 6.)

Attached to the Original Complaint is an excerpt of P.O. Cobb's testimony from the criminal proceedings. Also attached is a February 24, 2018 affidavit from an individual named Helen Goff—the owner of the property where Plaintiff was arrested.

On January 30, 2019, the State Defendants and County Defendants moved to dismiss the Original Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 21, 24.) While Defendants' motions were pending, on June 10, 2019, Plaintiff filed his first motion to amend the Original Complaint in order to add certain additional individual defendants— namely, the Suffolk County Sheriff, the Warden of the Suffolk County Correctional Facility, and the Acting Commissioner of the New York State Department of Corrections and Community Supervision, in their individual capacities. (ECF No. 28.) Plaintiff filed, along with his motion to amend, a typed proposed amended complaint that clearly identified each of these new defendants.

4

(ECF No. 28-1.) None of the Town Defendants are named as defendants in this proposed amended complaint.

On June 20, 2019, the Court granted the State Defendants' motion to dismiss with prejudice but denied the County Defendants' motion to dismiss, which had sought to dismiss the case based on Plaintiff's failure to exhaust his claims through the prison grievance system. See Turner v. Riverhead Corr. Facility, No. 18-CV-5235, 2019 WL 2571155 (E.D.N.Y. June 20, 2019). Plaintiff and the County were directed to engage in limited discovery concerning the exhaustion issue. The Court deferred ruling on Plaintiff's first motion to amend the complaint to add these new individual defendants until after the completion of this discovery. Id. at *5.

Before the Court addressed this exhaustion issue or Plaintiff's first motion to amend the Original Complaint, Plaintiff filed a second letter motion to amend on May 4, 2020. (ECF No. 39.) In his letter motion, Plaintiff sought leave to assert claims against the Town Defendants but failed to attach a proposed amended complaint. (Id.) On May 29, 2020, the Town Defendants opposed Plaintiff's motion, arguing that any claims asserted against them were time-barred. (ECF No. 40.)

On May 31, 2020, the Court addressed Plaintiff's pending motions to amend the Original Complaint. (See Electronic Order dated May 31, 2020, ECF No. 41.) Plaintiff's first motion to amend was denied as moot in light of his second motion to amend. Regarding the second motion to amend, the Court noted that Plaintiff had failed to attach a proposed amended complaint for the Court to consider. Accordingly, Plaintiff was ordered to file the proposed amended complaint by July 1, 2020. (Id.)

On June 22, 2020, Plaintiff filed the proposed amended complaint, naming the Town Defendants. (ECF No. 42.) On July 29, 2020, Plaintiff then filed a third motion to amend his

complaint, attaching another proposed complaint naming the Town Defendants. (ECF No. 44.) On November 18, 2020 and December 9, 2020, Plaintiff filed additional submissions concerning his proposed third amended complaint. (ECF Nos. 51, 52.) On March 5, 2021, the Court issued its decision on Plaintiff's successive motions to amend. See Turner, 2021 WL 848850. The Court deemed Plaintiff's third proposed amended complaint to have been filed as of July 29, 2020 (ECF No. 44-1), and deemed this proposed complaint, along with the supplements that Plaintiff filed on November 18, 2020 and December 9, 2020 to be the operative complaint (hereafter the "Amended Complaint", ECF No. 55). (Id.) The Court also noted that the grant of Plaintiff's motion to amend was without prejudice to any defendant moving to dismiss the Amended Complaint. Turner, 2021 WL 848850 at *5.

After the Town Defendants filed a pre-motion conference letter concerning a proposed motion to dismiss in April 2021, Plaintiff's counsel filed a notice of appearance on May 7, 2021. Prior to that date, Plaintiff had proceeded pro se in this action.

The parties subsequently briefed the pending motion to dismiss, with Plaintiff's newly retained counsel submitting an opposition brief on behalf of Plaintiff.

## II. DISCUSSION

### A. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint when the plaintiff fails to allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Fed. R. Civ. P. 12(b)(6). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions

6

will not suffice.  Twombly, 550 U.S. at 555.  In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).  While a court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## B. Parties Arguments

Plaintiff's Amended Complaint asserts claims against the Town Defendants for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 (violations of civil rights), 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and 42 U.S.C. § 1986 (failure to prevent interference with civil rights).  The Amended Complaint alleges, inter alia, that Plaintiff was falsely arrested and that he was subjected to excessive force during the arrest.  The Amended Complaint also attempts to assert numerous state law claims, including "violations of color of law, cruel and unusual punishment, claims for abuse of process, malicious prosecution, and false arrest."[4]  (Amended Compl. at 2.)  The claims against the Town Defendants all arise from Plaintiff's arrest on or around August 26, 2019.  The Town Defendants have moved to dismiss Plaintiff's claims in their entirety under Rule 12(b)(6) on statute of limitations grounds.  (See generally, Defs' Mot., ECF 66-9.)

Plaintiff concedes that the Amended Complaint, which raises these claims against the

---

[4] Although it is not addressed by any party, the Amended Complaint states Plaintiff's claims are also brought pursuant to 34 U.S.C. § 12601 and 18 U.S.C. § 242.  However, these claims must be dismissed at the outset because it is well-settled that neither statute affords Plaintiff a private right of action.  See, e.g., Maretta-Brooks v. Hanuszczak, No. 5:18-CV-0426, 2018 WL 2021480, at *7 (N.D.N.Y. Apr. 26, 2018) ("Under 34 U.S.C. § 12601, only the United States Attorney General has the authority to bring a civil action."); Storm-Eggink v. Gottfried, 409 F. App'x 426, 427 (2d Cir. 2011) (summary order) (no private right of action under § 242)

Town Defendants—was filed after the expiration of all of the relevant statutes of limitations. Plaintiff, however, contends that his claims are ultimately not time-barred because the claims in his July 2020 Amended Complaint relate back to his 2018 Original Complaint, which was filed within the relevant limitations periods.

**C. Statute of Limitations**

The applicable statutes of limitations are not in dispute by the parties. (See Defs' Mot. at 10-13; see Pl's Opp. at 10-11, ECF No. 66-11.) A three-year statute of limitations applies to Plaintiff's federal claims. (Id.) See New York Civil Practice Law and Rules ("CPLR") § 214; Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (statute of limitations for § 1983 claim is three years); Blankman v. Cnty. of Nassau, 819 F.Supp. 198, 206 (E.D.N.Y. 1992) (statute of limitations for § 1985 claim is three years).

As to the Amended Complaint's state law claims, the parties also agree that New York imposes a one-year statute of limitations on the abuse of process claim, and a one year and ninety-day statute of limitations to the negligent hiring, supervision, and training claim. (See Defs' Mot. at 11; Pl's Opp. at 11.); see CPLR § 215 (intentional torts are subject to a one-year statute of limitations); see also Leath v. Cnty. of Orange, 2020 WL 4016530, at *6 (S.D.N.Y. July 15, 2020) ("New York applies a one-year statute of limitations for abuse of process claims.") (citations omitted); Adedeji v. City of New York, 2011 WL 13298907, at *5 (E.D.N.Y. Aug. 18, 2011) (explaining that "plaintiff's negligent hiring, supervision, and training claims are subject to a one year and ninety-day statute of limitations").

The Amended Complaint's claims arise from Plaintiff's arrest on August 29, 2016. (Amended Compl. at ¶ 19.) Therefore, his claims accrued on August 29, 2016, the date of his arrest. See Amaya v. Garden City Irrigation, Inc., 645 F. Supp. 2d 116, 121 (E.D.N.Y.

2009)((citing Cornwell v. Robinson, 23 F.3d 694 (2d Cir. 1994) ("Under federal law, which governs the accrual of claims brought under §§ 1983 and 1985 . . . a claim generally accrues once the plaintiff knows or has reason to know of the injury which is the basis of his action."); see also Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015) ("Section 1983 actions in New York are subject to a three-year statute of limitations," which "run[s] from the time a 'plaintiff knows or has reason to know of the injury giving rise to the claim.") (internal citations omitted). Plaintiff's state claims also accrued on or around August 29, 2016 – when he was arrested, detained.

In Plaintiff's case, the three-year statute of limitations for bringing his federal claims expired on or about August 29, 2019; the state claims, of course, expired at an even earlier date in 2017. See Id.; see also CPLR § 215. Here, while Plaintiff filed his Original Complaint on September 17, 2018, he did not seek to assert any claims against the Town Defendants until May 4, 2020 and only filed his Amended Complaint thereafter on July 29, 2020.

Plaintiff does not dispute this chronology of events, and even readily concedes that, absent the Court applying the relation back doctrine, his claims are "otherwise time-barred." (Pl's Opp. at 10.) Accordingly, the Court must determine if the Amended Complaint's claims against the Town Defendants properly relate back to the Original Complaint under the relation-back doctrine. (Pl's Opp. at 10.) If they do not, Plaintiff's claims against Town Defendants must be dismissed as time-barred.

### D. Overview of Relation-Back Doctrine

In order for Plaintiff's claims against the Town Defendants to be timely, Plaintiff must demonstrate that the Amended Complaint "relates back" to his Original Complaint. Nollah v. New

York City, No. 17-CV-634, 2018 WL 4636847, at *2 (S.D.N.Y. Sept. 27, 2018) (internal citations omitted).

In the context of § 1983 and § 1985 actions, which derive their statute of limitations from state law, "courts are to assess both the state and federal relation back doctrines and apply whichever law is more generous."[5]  Id.; see also Strada v. City of New York, No. 11-CV-5735, 2014 WL 3490306, at *6 (E.D.N.Y. July 11, 2014) (collecting cases); Abdell v. City of New York, No. 05–CV–8453, 2006 WL 2620927, at *5 (S.D.N.Y. Sept. 12, 2006) ("New York relation back doctrine, however, is more generous than federal relation back doctrine.").  The parties agree that CPLR § 203 and Federal Rule of Civil Procedure 15(c)(1)(C) are the relevant relation-back doctrines under state and federal law.

### E. The New York Relation Back Doctrine Does Not Save Plaintiff's Claims

New York's general relation-back provision for claims brought against a new defendant is CPLR § 203.  See Nollah, 2018 WL 4636847 at *2 (applying CPLR § 203 for claims against new defendant); see also Strada, 2014 WL 3490306, at *6 (same and collecting cases).

Under CPLR § 203, New York courts allow claims against new defendants to "relate back" to timely filed pleadings against another defendant only if three conditions are met:

> (1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintain his defense on the merits and (3) the new party knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against him as well."

Buran v. Coupal, 661 N.E.2d 978, 981 (N.Y. 1995).

---

[5] Because a violation of § 1986 depends upon a predicate violation of § 1985, the Court need not address Plaintiff's § 1986 claim given his claims brought under § 1985 are without a doubt time-barred.  See Brown v. City of Oneonta, New York, 221 F.3d 329, 341 (2d Cir. 2000); Grant v. Cnty. of Suffolk, No. 2:15-CV-4781, 2018 WL 816242, at *11 (E.D.N.Y. Feb. 9, 2018) ("As Plaintiff has not sustained her burden to show a violation of § 1985, she has no actionable § 1986 claim.").

10

Plaintiff's Amended Complaint cannot relate back for purposes of New York law.  As discussed below, while the Amended Complaint appears to satisfy the first prong of the test, Plaintiff fails to show that the Amended Complaint meets the second and third prongs.  Accordingly, the federal claims against the Town Defendants are time-barred and must be dismissed.

### 1.  First Prong:  Same Conduct, Transaction, or Occurrence

The Town Defendants contend that this prong is not met.  While the Court assumes arguendo that this prong has been satisfied, as explained below, Plaintiff cannot meet the second and third prongs.

### 2.  Second Prong:  Unity in Interest

With respect to the second prong, Plaintiff fails to establish a "unity in interest" between the Town Defendants and the County of Suffolk or State of New York – i.e., the timely added parties in the Original Complaint. (Defs' Mot. at 17.) "[T]he question of unity of interest is to be determined from an examination of (1) the jural relationship of the parties whose interests are said to be united and (2) the nature of the claim asserted against them by the plaintiff." Amaya, 645 F. Supp. 2d at 122 (internal citations omitted).  A "jural relationship" is simply a "legal relationship giving rise to potential liability." Id.  Some courts have summed up this prong as asking whether the newly added defendants and any timely added defendants would "necessarily stand or fall together" with respect to their defenses.  Hunter v. Deutsche Lufthansa AG, No. 09-CV-3166 (RJD)(JMA), 2013 U.S. Dist. LEXIS 27028, at *15 (E.D.N.Y.  Feb. 26, 2013) (citing Amaya, 645 F. Supp.2d at 122) (noting that the "classic example" of unity of interest is vicarious liability between employer and employee or a corporation and its agent.).

Plaintiff has not identified what legal relationship, if any, the Town Defendants and County Defendants share that could suggest that they are united in interest.  Plaintiff unpersuasively cites

11

to Strada, where the court found a unity of interest based on the City of New York's statutory obligation to indemnify individual police officer defendants. See Strada, 2014 WL 3490306, at *7 (finding unity of interest between the City and an individually named police officer because the City is statutorily required to defend and indemnify its employees for alleged tortious conduct if it occurs under certain circumstances). Even assuming that Strada correctly interpreted New York law, Plaintiff does not allege or argue that a similar indemnification relationship exists here between the Town Defendants and the County Defendants.

While the Amended Complaint pleads that Plaintiff's injuries from his arrest were exacerbated during his incarceration, that is wholly insufficient. (See Pl's Opp. at 13.) Plaintiff's brief asserts, without further elaboration that "the injuries sustained form Mr. Turner's arrest were exacerbated during his incarceration" and, therefore, both the "Town Defendants and Suffolk County are liable to Mr. Turner." (Id.) This conclusory argument is unpersuasive. The Town and County Defendants are not linked through vicarious liability or any indemnity obligation. Thus, Plaintiff cannot satisfy this element. Cf. Johanson v. Cnty. of Erie, 134 A.D.3d 1530, 1532, 22 N.Y.S.3d 763, 765 (N.Y. App. Div. 4th Dep't 2015) (finding that Erie County and the Sheriff of Erie County were not united in interest for purposes of the relation back doctrine even though the Sheriff's Office is part of Erie County).

### 3. Third Prong: Mistake

As to the third prong, the Amended Complaint also fails New York's relation-back test because Plaintiff's decision to not proceed against the Town Defendants with the Original Complaint was not the result of "a mistake by the plaintiff as to the identity of the proper parties." This prong turns on whether newly named defendants "knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against [them]

12

as well." Buran, 661 N.E.2d at 981.

"[M]any district courts have held that the "mistake" requirement of Rule 15(c)(1)(C) is similar to the mistake requirement of Section 203 …, the relevant New York relation back provision." Briggs v. Cnty. of Monroe, No. 09-CV-6147W, 2016 WL 1296060, at *10 (W.D.N.Y. Mar. 29, 2016) (collecting cases), report and recommendation adopted, 215 F. Supp. 3d 213 (W.D.N.Y. 2016). Moreover, to the extent that some state courts have, in certain contexts, analyzed "mistake" differently than the federal standard, see DaCosta v. City of New York, 296 F. Supp. 3d 569, 587–89 (E.D.N.Y. 2017), none of those potential differences are relevant here. As explained below, Plaintiff does not contend that any mistake as to the identity of the proper parties occurred here.

Plaintiff never identifies the nature of the alleged "mistake" at issue here and instead asserts that "because pro se complaints are to be construed liberally in favor of the pro se litigant, Mr. Turner's mistake is excusable when considering that the Notice of Claim served upon Town Defendants and the social context of COVID-19 and the Black Lives Matter movement." (Pl's Opp. at 15.)

Plaintiff's arguments on this prong are unpersuasive because the record is clear that he knew the Town Defendants were potentially liable parties since the inception of his case. Plaintiff admits that he served the Town Defendants with a Notice of Claim a few months after his arrest and thereafter was served with a demand for a 50-h hearing from the Town Defendants. (Pl's Opp. at 9.) The service of the Notice of Claim establishes that Plaintiff already knew the identity of the Town Defendants and knew that the Town Defendants were potentially liable. Similarly, Plaintiff's filings in 2018 and 2019 in this action—including his Original Complaint, the exhibits attached to the complaint, and his June 2019 motion to amend—also confirm that, within the

limitations period, Plaintiff knew the identity of the Town Defendants and knew that the Town Defendants were potentially liable. As such, Plaintiff's failure to name the Town Defendants was not a "mistake"—and certainly not a mistake by the plaintiff as to the identity of the proper parties. See Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994) ("holding that, where a plaintiff 'knew the identities' of the defendants she proposed to add to her complaint, 'her failure to [sue] them in the original complaint, in light of her obvious knowledge[,] . . . . must be considered a matter of choice, not mistake'"); Palmer v. Stuart, 274 F. App'x 58, 59 (2d Cir. 2008) (finding claims brought by pro se plaintiff against two new defendants did not relate back because "[Plaintiff] concedes that, at the time that he prepared his complaint, he had in his possession an invoice identifying [] the officer who had conducted the search [and] . . . .[u]nder our case law, this knowledge defeats any claim of mistake."). And the "social context of COVID-19 and the Black Lives Matter movement" is insufficient to establish that Plaintiff made a mistake as to the identity of the proper parties.

Plaintiff insists that the relation back doctrine should apply because he was pro se until 2021 and the Town Defendants will purportedly not be prejudiced by being added to the action now. Plaintiff repeatedly asserts that the Town Defendants had "constructive notice" of this action via the Notice of Claim served in November 2016.

However, Plaintiff's reliance on the Notice of Claim is misplaced and insufficient. As stressed above, Plaintiff has not established that the Town Defendants "knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against [them] as well." That is fatal to Plaintiff's arguments.

Additionally, under New York law, a notice of claim is insufficient to put a potential defendant on sufficient notice of a lawsuit to trigger the relation-back doctrine. Cf. Kettle v. Sweet

14

Home Cent. Sch. Dist., 152 A.D.2d 956, 957, 543 N.Y.S.2d 783 (N.Y. App. Div. 4th Dep't 1989) (rejecting plaintiff's argument that the filing of a notice of claim—which included a derivative claim on behalf of his wife who was not originally named as a plaintiff in the subsequent lawsuit— "gave defendant sufficient notice" and explaining that a "notice of claim is not a pleading").

And, even assuming arguendo that the Notice of Claim provided some degree of notice to the Town Defendants about their potential liability (or that the Town Defendants had actual or constructive notice of Plaintiff's 2018 Original Complaint and June 2019 motion to amend), the Town Defendants still did not have had a reason to believe that, "but for a mistake as to the identity of the proper parties," Plaintiff was pursuing any claims against them. After Plaintiff filed his Notice of Claim, he was convicted at trial of the charged drug offenses and with resisting arrest. Then, after his conviction, Plaintiff filed both his Original Complaint and in September 2018 and his first motion to amend in June 2019, in which he referenced the circumstances of his arrest, but proceeded to name only County and State Defendants and only pursued alleged claims against them concerning his confinement. In neither submission, did Plaintiff name any of the Town Defendants as defendants. Even taking into account the Notice of Claim, Plaintiff's pro se status, and the fact that Plaintiff's court filings in 2018 and 2019 referenced alleged misconduct in connection with his arrest, it cannot be said that the Town Defendants "knew or should have known that, but for a mistake as to the identity of the proper parties, the action would have been brought against [them] as well." Accordingly, New York's relation-back doctrine cannot save Plaintiff's time-barred claims.

Separately, the Court notes that there is no basis to apply statutory tolling. Plaintiff's argument appears to be that his delay in adding the Town Defendants is "excusable," because the Governor of the State of New York issued an executive order tolling "any specific time limit for

15

the commencement, filing, or service of any legal action" in light of the COVID-19 pandemic. See N.Y. Executive 202.8. This argument is unavailing, because the statute of limitations for Plaintiff's claims expired well before any Executive Order was issued. The COVID Executive Orders, in no way, re-animated time-barred claims.

**F. The Federal Relation Back Doctrine Does Not Save Plaintiff's Claims**

As Plaintiff's claims are time-barred under New York's relation back statute, his claims also fail the more restrictive federal test under Federal Rule of Civil Procedure 15(c). See, e.g., Nollah, 2018 WL 4636847, at *4 ("[plaintiff] does not satisfy the New York relation back rule; he thus fails to satisfy Rule 15(c)(1)(C), as well."); Strada, 2014 WL 3490306, at *6 (collecting cases noting that the federal relation-back doctrine is less forgiving).

For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C), the following conditions must be met: (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading," (2) the parties to be brought in "received such notice of the action that it will not be prejudiced in defending on the merits," (3) those parties "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," and (4) elements (2) and (3) were satisfied within 120 days of the filing of the original Complaint. See Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii); Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (citing Barrow, 66 F.3d at 468–69).

The Amended Complaint does not satisfy the federal relation back doctrine.

First, nothing in the record indicates that the Town Defendants received "notice of the action" within 120 days of the filing of the Original Complaint.[6] While Plaintiff relies on the

---

[6] This would require the Town Defendants to have received sufficient notice of the filing of the Original Complaint by or around January 15, 2019.

16

Notice of Claim, a notice of claim does not constitute notice of the subsequent lawsuit filed in court. Cf. Girau v. Europower, Inc., 317 F.R.D. 414, 422 (S.D.N.Y. 2016) ("'At a minimum, . . . notice requires knowledge of the filing of suit, not simply knowledge of the incident giving rise to the cause of action.'" (quoting Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009)); Kettle, 152 A.D.2d at 957.

Second, for the reasons discussed already, Plaintiff's failure to name the Town Defendants in his Original Complaint was not a mistake regarding the Town Defendants' identities. As such, Plaintiff cannot establish that the Town Defendants "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The record is clear that Plaintiff knew the identities of the Town Defendants and knew of their potential liability and, thus, could have easily named them within the limitations

### A. Malicious Prosecution Claim

The Town Defendants also request that, to the degree the Amended Complaint can be construed to state a malicious prosecution claim, that claim, too, must fail as a matter of law. (Defs' Mot. at 6 n.2). The Court agrees.

To establish a malicious prosecution claim under New York law, the plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Nollah, 2018 WL 4636847, at *4 (citing Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)).

Plaintiff's opposition brief argued because he filed an appeal challenging the underlying conviction in this case, his state law malicious prosecution claim, was, in effect, not ripe for review. (Pl's Opp. at 18.) While the Court doubts that Plaintiff's argument is correct as a matter of state

17

law, it is unnecessary to address that question because on March 2, 2022, the Appellate Division, Second Department denied Plaintiff's appeal and affirmed his conviction.  See People v. Turner, 203 A.D.3d 758.  As such, Plaintiff does not have any viable malicious prosecution claims.

### III. CONCLUSION

For the foregoing reasons, Town Defendants' motion to dismiss is GRANTED.  Plaintiff's federal and state law claims against the Town Defendants are dismissed.

**SO ORDERED.**

Dated: August 15, 2022
Central Islip, New York

                                                     /s/     (JMA)
                                                     JOAN M. AZRACK
                                                     UNITED STATES DISTRICT JUDGE